**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**at GREENEVILLE**

| | | |
|---|---|---|
| COREY ALAN BENNETT, #509793, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | No.: 2:14-cv-357-JRG-DHI |
| v. | ) | |
| | ) | |
| MICHAEL SMITH, Unit Mgr.; | ) | |
| GERALD McCALLISTER, Warden; | ) | |
| and CRAIG JULIAN, Assoc. Warden, | ) | |
| | ) | |
| *Defendants.* | ) | |

## <u>MEMORANDUM and ORDER</u>

Corey Alan Bennett, a prisoner housed at Northeast Correctional Complex (NECX) in Mountain City, Tennessee, has submitted this *pro se* civil rights complaint pursuant to 42 U.S.C.§ 1983 and an application to proceed *in forma pauperis*, (Docs. 1 and 2). Under 28 U.S.C. § 1915(g), however, a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if the prisoner has, on three or more prior occasions, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The sole exception is if the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. §1915(g).

While incarcerated, plaintiff has had more than three prior civil rights actions dismissed as frivolous or for failure to state a claim for relief and, indeed, has already

been found to be subject to the three-dismissal rule. *See Bennett v. Jones*, Civil Action No. 3:13-cv-626 (E.D. Tenn. Dec. 18, 2013) (Order dismissing case under the authority of §1915(g) as frivolous and for failure to state a claim; Order of Nov. 12, 2013, listing prior dismissals).

Plaintiff acknowledges that he has filed "29 seperate (sic) lawsuits all across TN" and that the three-dismissal rule in § 1915(g) applies to this action, but claims that his "life is clearly in imminent danger," (Doc. 1 at 5). Plaintiff bases his claim of serious danger upon his allegations that, on November 25, 2014, the defendants, who were angered by plaintiff's spitting on an officer, entered his cell and beat him until he lost consciousness. They have continued to beat him on a daily basis. Furthermore, defendant Smith refuses to feed plaintiff or to allow other officers to do so and has handed him empty trays for three days straight.

At the outset, the Court notes that plaintiff's allegations are internally inconsistent. Plaintiff asserts that, for three days after the alleged November 25th beating, he was deprived of food. Three days after November 24, 2014, is November 28, 2014. However, the complaint was signed, according to its face, on November 27, 2014. Plaintiff could not and did not know that he would be denied food the day after the complaint was signed. Therefore, his certification, under penalty of perjury, that the complaint is true to the best of his knowledge, information, and belief cannot be accredited.

After examining the pleading and broadly construing plaintiff's contentions, the Court does not find those contentions of serious danger to be credible. Thus, in order to

file this action, he must prepay the entire $350.00 filing fee. Leave to proceed *in forma pauperis* is **DENIED**.

Plaintiff shall have thirty (30) days from the date of this Memorandum and Order to pay the full filing fee. If plaintiff fails to pay the full filing fee, his complaint will be dismissed without prejudice pursuant to the three-dismissal rule in § 1915(g).

**ENTER:**

_____
s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE